### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ERNEST SAMPSON,**

    **Plaintiff,**

   v.

**PORTFOLIO RECOVERY
ASSOCIATES, LLC,**

    **Defendant.**

        **Civil Action No. 2:25-cv-1529**
        **Chief Judge Sarah D. Morrison**
        **Magistrate Judge Elizabeth P. Deavers**

### REPORT AND RECOMMENDATION

Plaintiff, proceeding without the assistance of counsel, initiated this case on December 31, 2025.  (ECF No. 1.)  On January 5, 2026, the Court ordered Plaintiff to cure the deficiency in his application to proceed *in forma pauperis*.  (ECF No. 2.)  Plaintiff did not comply with this Order by failing to completely fill out the application.  (ECF No. 3.)  The Court again ordered Plaintiff to cure these deficiencies within 30 days and expressly cautioned him that failure to comply "will likely result in a recommendation that this action be dismissed for failure to prosecute."  (ECF No. 4.)  To date, Plaintiff has failed to comply.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as

a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted); *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines.  *See Steward*, 8 F. App'x at 296–297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** this action **WITHOUT PREJUDICE** under Rule 41(b).

<b>PROCEDURE ON OBJECTIONS</b>

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report,

2

which fails to specify the issues of contention, does not suffice to preserve an issue for

appeal . . . .” (citation omitted)).

      **IT IS SO ORDERED.**

Date: March 9, 2026            /s/ *Elizabeth A. Preston Deavers*
                                        ELIZABETH A. PRESTON DEAVERS
                                        UNITED STATES MAGISTRATE JUDGE